**UNITED STATES OF AMERICA**                          **CRIMINAL ACTION**

**VERSUS**                                            **NO. 07-0003**

**CEDRIC K. ROBINSON**                                **SECTION "B"**


## ORDER AND RASONS

Cedric K. Robinson's ("Robinson") Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on the grounds of ineffective assistance of counsel, (Rec. Doc. No. 50), and the motion for discovery, (Rec. Doc. No. 55), are **DENIED.** The United States ("Government") filed memoranda in opposition. (Rec. Doc. Nos. 53 & 59).

Robinson was tried on June 25, 2007, and the unanimous jury of twelve returned a verdict of guilty. (Rec. Doc. 27). On October 2, 2007, he was sentenced within the advisory guideline range to the statutory maximum of 120 months imprisonment. (Rec. Doc. No. 34). Judgment was entered on October 9, 2007, and Robinson filed notice of appeal on October 10, 2007. (Rec. Doc. Nos. 35 & 36). The Fifth Circuit affirmed Robinson's conviction and sentence on August 29, 2008. (Rec. Doc. No. 48).

Robinson asserts that his counsel failed to investigate and subpoena a police officer's girlfriend who could have served as a defense rebuttal witness; failed to show Robinson the police dispatcher reports from the night of his arrest; failed to advise Robinson of a possible plea agreement with the government; and

failed to summon the police finger print specialist to testify as a favorable witness.  Robinson concludes that these alleged deficiencies prejudiced his defense.

In a habeas proceeding, a petitioner alleging ineffective counsel has the burden of proof.  *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).   In order to prevail in an ineffective counsel claim, the defendant must show that: (1) his counsel's performance was deficient and (2) his counsel's deficiency prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Mangum v. Hargett*, 67 F.3d 80 (5th Cir. 1995).

First, Robinson must show that his counsel's performance was deficient.  A counsel's deficiency is measured against an objective standard of reasonableness.  *Johnson v. Dretke*, 394 F.3d 332, 337 (5th Cir. 2004).   In *Johnson*, the petitioner argued that his counsel's performance was deficient because his accomplice stipulated to shooting the victim, however, counsel did not present this information to the jury.  *Id*.  The court held that although his counsel was aware of this stipulation, the petitioner could not demonstrate deficient performance because counsel made a strategic decision to present an alibi defense on behalf of the petitioner.  *Id*.  "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is

so ill chosen that it permeates the entire trial with obvious unfairness." *Id*. (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)).

In two of his arguments, Robinson claims that his counsel was deficient because he did not subpoena two witnesses. As stated in *Strickland*, courts must be deferential to trial tactics. *Strickland* at 668. Also, the Fifth Circuit has expressed its disfavor for complaints about uncalled witnesses, saying that "the presentation of testimonial evidence is a matter of trial strategy and . . . allegations of what a witness would have testified are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978). The Court should be deferential to these trial tactics because Robinson has not shown that counsel's action was detrimental to his defense or made the trial obviously unfair.

Counsel called two defense witnesses who presented testimony contradictory to the police witnesses relative to ownership or possession of the weapon. (Rec Doc. No. 40, pp. 134-167). Counsel also presented testimony through one of these witnesses that the arresting officers warned against dating a juvenile named Keisha. (Rec. Doc. No. 40, pp. 155-167). The production of this juvenile at trial was not necessary in view of the latter trial testimony. Further, there is no prejudice shown even assuming for argument sake that non-production could have been

deficient. Lastly, production of the finger print expert as a witness was also unnecessary due to an express stipulation between the Government and Robinson that no identifiable prints were found on the firearm or ammunition. (Rec. Doc. No. 27-4).

Interestingly, Robinson claims counsel erred in neglecting to inform him of a possible plea agreement. Notably, Robinson was set to plead guilty without a plea agreement on June 13, 2007. (Rec Doc. No. 21). The Government denies offering a plea agreement. Robinson's claim here is frivolous and thereby fails.

Finally, the failure to produce police dispatcher reports has not been shown to be either deficient performance by defense counsel or prejudicial to the defense. Robinson's counsel reviewed the reports and discussed contents of same with Robinson, finding nothing beneficial to his defense.

Defense counsel's performance withstands review under the *Strickland* standards and its progeny of cases. Robinson's disagreements do not amount to any depravation of constitutional rights.

Accordingly, the instant motions are **DENIED**.

New Orleans, Louisiana, this 6th day of July 2010.

_____
United States District Judge